In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-03-330 CV


____________________



IN RE DONALD FOSTER






Original Proceeding






MEMORANDUM OPINION (1)


 Donald Foster, an inmate confined in the Institutional Division of the Texas
Department of Criminal Justice, seeks mandamus relief in connection with civil litigation
filed in Cause No. D-010,222-C. 

 First, Foster seeks a writ of mandamus to compel Vickie Edgerly, the Orange
County District Clerk, to serve citation upon a defendant named Coy Nowell. The district
clerk is not one of the persons against whom we may issue a writ of mandamus other than
to protect our jurisdiction, and the relator has not shown that the writ is necessary to
enforce our jurisdiction. See Tex. Gov't Code Ann. § 22.221 (Vernon Supp. 2003). 
Therefore, Foster is not entitled to mandamus relief against Edgerly. 

 Next, Foster seeks a writ of mandamus to compel the Honorable Judge Buddie
Hahn, Judge of the 260th District Court, to order substituted service on a defendant named
C. W. Hodgkinson by leaving a petition with anyone over the age of 16 found at the
defendant's last known place of employment. The motion alleges that citation was
returned unserved in 2001 because the defendant was no longer employed there. Rule
106(b) authorizes substituted service upon motion supported by affidavit "stating the
location of the defendant's usual place of business or usual place of abode or other place
where the defendant can probably be found... ." Tex. R. Civ. P. 106(b). Foster has not
demonstrated that he is entitled to compel the trial judge to authorize substituted service
under Rule 106(b) because he has not supplied an affidavit that satisfies the applicable rule.

 Finally, Foster seeks a writ of mandamus to compel service of a subpoena duces
tecum on a non-party. From the record presented with his petition, it appears that Foster
issued his own subpoena. He is not one of the persons so authorized by the Rules of Civil
Procedure. See Tex. R. Civ. P. 176.4. Therefore, it would not be an abuse of discretion
to fail to enforce the subpoena. 

 The relator has not shown that he is entitled to the relief sought. The petition for
writ of mandamus, filed July 7, 2003, is DENIED. 

 PER CURIAM


Opinion Delivered July 24, 2003

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.